## Case No. 9,367.

### MEAD v. PURDY.

[Cited in Perego v. Bonesteel, Case No. 10,-977. Nowhere reported; opinion not now accessible.]

## Case No. 9,368.

### MEAD v. SCOTT.

[1 Cranch, C. C. 401.] [1]

Circuit Court, District of Columbia. June Term, 1807.

COSTS — ON APPEAL FROM JUSTICE OF PEACE — DISCRETIONARY.

Costs on appeal from a judgment of a justice of the peace, are within the discretion of the court, if the judgment be affirmed in part.

Upon an appeal from the judgment of a justice of the peace, the jury found a verdict for the appellee, for $10.69. The judgment of the justice was for $17.50.

Mr. Law, for appellant, contended for costs. Appeals from justices of the peace are given by the Maryland act of 1791 (chapter 68). The condition of the appeal-bond only provides for costs in case the judgment shall be affirmed. The appellee cannot sue upon the bond, for the condition has not been broken. The judgment has not been affirmed, although the appellee has recovered something; yet he had obtained a judgment below for too much. In the case of Austin v. Hughes, in Montgomery county court the judgment was diminished only two dollars, and yet the appellant recovered judgment for costs.

F. S. Key, contra. It is an appeal as to fact as well as law, and new evidence was admitted. The case is taken up de novo. Costs are a matter of discretion. The bond, if appellant had given one, would have bound him to pay all such damages and costs as this court shall award against him.

Mr. Morsell, in reply, admits that this court has original jurisdiction as to fact, but as to law it is only appellate. If the proceedings below are not regular, the judgment must be reversed. If this court, or the jury, should give more than the justice of the peace had given, appellee may release and affirm the judgment as to the residue. If the judgment below was erroneous, the appellant has sustained his appeal, and ought not to pay costs.

THE COURT was of opinion that in such cases costs are within the discretion of the court, and as there was no evidence of a tender of any part of the money, or any offer to pay as much as the appellee finally recovered; it is the opinion of the court that the judgment of the justice ought to be affirmed as to the sum awarded by the jury, with costs, and reversed as to the residue.

MEAD (YAW v.). See Case No. 18,129.

[1] [Reported by Hon. William Cranch, Chief Judge.]

## Case No. 9,369.

### In re MEADE.

[See Case No. 9,372.]

## Case No. 9,370.

### In re MEADE.

[19 N. B. R. 335.] [1]

District Court, S. D. New York. April 22, 1879.

BANKRUPTCY — PETITION TO VACATE ADJUDICATION — FRAUD — KNOWLEDGE THEREOF — LACHES — REPEAL OF ACT.

1. A creditor seeking to vacate an adjudication must make his application with due diligence on being informed of the facts, and even slight want of diligence is in such case imputed as laches and forfeits his claim to the aid of the court.

2. From the time creditors first receive notice of an adjudication they are put upon inquiry as to any matters in which it may affect their interests and which can be readily discovered by them, and if they make no inquiries and do nothing, it is evidence of acquiescence on their part.

3. In June, 1878, the bankrupt was adjudicated by consent in involuntary proceedings. In March, 1879, a petition was filed by a creditor who had recovered judgment and had a receiver appointed before the filing of the said petition in bankruptcy to vacate the adjudication on the ground of fraud and collusion; that the paper, suspension of which was alleged as the act of bankruptcy, was not made or passed in the bankrupt's business as a trader; that the petitioning creditors swore to the petition without knowing its statements to be true; that the greater part of their claims were fictitious; and that they did not constitute the requisite number and amount. It appeared that the petitioner did not prove her claim, but that she combined with other creditors and contributed money to pay the expenses of a re-examination of the proof of debt by one of the petitioning creditors and that she had been admitted to and did oppose an application of the bankrupt for a discharge. Held, that her actions in the proceeding estopped her from any claim of right to make this application; that she was guilty of laches, especially so as she waited until after the repeal of the bankrupt law of 1867 (14 Stat. 517), and thereby prevented the bankrupt from going into voluntary bankruptcy. In August, 1878, she had prepared a petition, but abandoned it because she had not then sufficient proof of the facts.

4. This did not excuse the delay; she should have made immediate application, and, if necessary, should have applied for such examination of the parties and such taking of testimony as was necessary for eliciting the truth.

[In the matter of Abraham Meade, a bankrupt.]

Coleridge E. Hart, for petitioner.

Wheeler H. Peckham and P. W. Ostrander, contra.

CHOATE, District Judge. This is an application of a creditor of the bankrupt to set aside the adjudication. On the 19th of June, 1878, a petition was filed against the bankrupt signed by six persons alleging themselves to be at least one-fourth in number

[1] [Reprinted by permission.]